|   | Honorable Christopher M. Alston |
|---|---|
|   | Chapter 11 |
|   | Hearing Date: October 17, 2024 |
|   | Hearing Time: 9:30 a.m. |
|   | Location: Seattle, WA |

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 24-10088-CMA |
|---|---|
| B-1208 PINE, LLC, | **UNITED STATES TRUSTEE'S REPLY TO RESPONSE TO MOTION FOR ORDER TO COMPEL DEBTOR TO LIST LESSEES ON SCHEDULE G** |
| Debtor(s). | |

Acting United States Trustee for Region 18, Jonas V. Anderson ("U.S. Trustee"), hereby Replies to the Debtor's Response to the U.S. Trustee Motion for Order to Compel Debtor to List Lessees on Schedule G. The statue cited by Debtor is inapplicable by its own terms. Further, this is not a theoretical or academic issue. A competing plan has been filed that proposes to assume the Tenant Leases, but the tenants have not received notice because they are not on the mailing matrix.

Debtors cite an anti-doxing statute, RCW 4.24.792, as justification for failing to give notice to the Debtor's tenants. The notes to the statute state, "This act shall be liberally construed and applied to promote its underlying purpose to deter doxing, protect persons from doxing, and provide adequate remedies to victims of doxing." [2023 c381 s2.] (https://app.leg.wa.gov/Rcw/default.aspx?cite=4.24.792 last visited October 11, 2024). The statute defines doxing as the "unauthorized publication of personal identifying information with

UNITED STATES TRUSTEE'S REPLAY TO RESPONSE TO MOTION FOR ORDER TO COMPEL DEBTOR TO PROVIDE NOTICE TO ITS LESSEES
- 1

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 24-10088-CMA    Doc 182    Filed 10/11/24    Ent. 10/11/24 15:18:14    Pg. 1 of 3

intent or knowledge that the information will be used to harm the individual whose information is published, or with reckless disregard for the risk the information will be used to harm the individual whose information is published." RCW 4.24.792(3)(c).

It should go without saying that listing the tenants in the schedules is (1) authorized and (2) designed to provide notice of filings by all parties, not just the Debtor's, that may affect the rights of such parties, not for the purpose of harassment or harm. As is exemplified by this case, a competing plan has been filed that contemplates the assumption and assignment of the residential leases. ECF # 179, pg. 16. However, as noted in the underlying motion, a lease cannot be assigned unless it is assumed, and it cannot be assumed unless there is notice provided to the tenant. Thus, Debtor's failure to list such tenants affects Pivot Apartments Lender's ability to effectuate its proposed plan and affects the rights of the tenants who have not received notice of the pleadings in this case.

Furthermore, RCW 4.24.793 contains an exception for legal filings. Specifically, a person does not violate the anti-doxing statute for, "[p]roviding personal identifying information when required to do so by any federal, state, or local law or regulation, or court rule or court order." RCW 4.24.792(3)(c). As already noted in the underlying motion, notice is required by the Bankruptcy Code and Rules. Without conceding it is applicable to the facts of the present case, the Bankruptcy Code and Rules[1] already contain safeguards, such as sealing, that can be used to protect information. Thus, Debtor's reliance on the anti-doxing statute appears to be both unreasonable and unnecessary.

---

[1] Unless otherwise indicated, all Code, Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. and to the Federal Rules of Bankruptcy Procedure Rules 1001 et seq.

UNITED STATES TRUSTEE'S REPLAY TO RESPONSE TO MOTION FOR ORDER TO COMPEL DEBTOR TO PROVIDE NOTICE TO ITS LESSEES

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

- 2

Last, Debtor does not get to substitute its judgment for that of the Courts and Congress. While Debtor believes its method of providing notice is better, it ignores the requirements of the Code and Rules, and prevents other parties from giving notice to the tenants. Further, notice of the Debtor's plan was provided to the tenants much later than it was provided to other parties, and no clear explanation has been given as to why notice to the tenants was delayed, or why they have not received notice of the other pleadings.

DATED this Friday, October 11, 2024,

Respectfully submitted,

Jonas V. Anderson
Acting U.S. Trustee for Region 18

/s/ *Matthew J.P. Johnson*
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

UNITED STATES TRUSTEE'S REPLAY TO RESPONSE TO MOTION FOR ORDER TO COMPEL DEBTOR TO PROVIDE NOTICE TO ITS LESSEES

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 24-10088-CMA    Doc 182    Filed 10/11/24    Ent. 10/11/24 15:18:14    Pg. 3 of 3

- 3 -