JAMES L. DAY (WSBA #20474)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Emails: jday@bskd.com,
tbuford@bskd.com,
rkeeton@bskd.com

HONORABLE CHRISTOPHER M. ALSTON
HEARING DATE: OCTOBER 17, 2024
HEARING TIME: 9:30 A.M.
LOCATION: SEATTLE, COURTROOM 7206

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

B-1208 PINE, LLC,

Debtor.

No. 24-10088-MLB

DEBTOR'S RESPONSE TO OBJECTIONS TO APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF LIQUIDATION

B-1208 Pine, LLC, debtor and debtor in possession, by and through its undersigned attorneys, hereby responds to *Pivot Apartments Lender LLC's Objection to the Disclosure Statement for Debtor's Plan of Liquidation* [ECF No. 177] (the "Lender Objection"), and *Walsh Construction Company II, LLC's Objection to Approval of Disclosure Statement for Debtor's Plan of Liquidation* [ECF No. 178] (the "Walsh Objection"), both of which relate to the *Disclosure Statement for Debtor's Plan of Liquidation* [ECF No. 165] (the "Disclosure Statement"). The Lender Objection is comprised almost exclusively of objections to confirmation of *Debtor's Plan of Liquidation* [ECF No. 164] (the "Liquidation Plan") rather than the Disclosure Statement, while the Walsh Objection is a mix of disclosure-related and confirmation objections, with the emphasis on the latter, while making various

DEBTOR'S RESPONSE TO OBJECTIONS TO APPROVAL
OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF
LIQUIDATION– Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-10088-CMA    Doc 185    Filed 10/14/24    Ent. 10/14/24 16:05:05    Pg. 1 of 4

objections allegedly on behalf of other parties (the Lender, general unsecured creditors) rather than on its own behalf.

The Disclosure Statement describes a simple liquidating plan pursuant to which the Debtor's apartment project would be sold. The Plan will monetize the property efficiently and allow creditors to obtain the benefit of the real estate excise tax exemption, which will result in savings of several hundred thousand dollars. With the exception of the Lender, creditors would be better off with the Debtor's Plan as it is self-evident that the owner of a property and a reasonable marketing period will lead to a much greater return for the property than would a trustee or other third party having absolutely no knowledge of the property on a fire-sale schedule. The Lender cannot complain that it is being unfairly delayed, as the scheduled maturity date for its underlying loan will not occur until November 2025.

The Debtor is aware that the Lender has filed its own liquidation plan, which is little more than an effort to obtain the equity in the property that has been created by declining interest and capitalization rates to the prejudice of unsecured creditors and equity holders. At a minimum, creditors should be given the opportunity to choose between the two plans so they might retain some ability to recover on their claims rather than have a fire sale that leads to a loss of value.

**A.      Lender's Objection.**

The Lender Objection objects to approval of the Disclosure Statement on the basis that the Liquidation Plan is "patently unconfirmable." For example, the Lender erroneously claims that a liquidation by a chapter 7 trustee would yield a greater return than would a sale by the owner of the property with a modest marketing period. The claim is ironic, because the fire-sale schedule that the Lender's plan would seek to effectuate would likely yield *less* than would be achieved by a chapter 7

DEBTOR'S RESPONSE TO OBJECTIONS TO APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF LIQUIDATION– Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-10088-CMA    Doc 185    Filed 10/14/24    Ent. 10/14/24 16:05:05    Pg. 2 of 4

trustee, whose fiduciary duties would not cause it to so willingly trade breakneck liquidation speed for maximizing on the recovery of the estate's sole asset.

The Lender also states that it is entitled to default-rate interest on the basis that it is oversecured. That is not the law of the case. Rather, to date the only evidence of the value of the Lender's collateral is testimony from the Debtor that, as of the January 16, 2024, petition date, the apartment property was worth about $32 million. In contrast, the Lender's claim (per its proof of claim) totaled more than $35 million as of the petition date. This is before one takes into account the effect of the senior lien of Walsh Construction. The Lender seeks a determination that it is senior to Walsh by virtue of equitable subrogation, but only as to the amount of the payoff of the prior senior loan – or about $20 million. The Plan properly treats the Lender's claim.

Finally, the Lender objects pursuant to Bankruptcy Code section 1129(a)(10) – that the Debtor has failed to obtain the consent to the Plan of at least one impaired class. Given that balloting has not even begun, this objection is – at best – premature.

The Lender's only objections that are actually directed towards the adequacy of the Disclosure Statement are two. First, it states that the Debtor has provided no explanation for a 12-month period within which to market and sell the property. There is no science at work here. Rather, the basis for that period is to permit adequate marketing of the property and a broad introduction and offering of the property so as to achieve the highest value that is reasonably attainable given the constraints of a liquidation plan. Because the Lender's underlying loan was not set to mature until November 2025, the proposal is generally consistent with the Lender's expectations.

Second, the Lender complains about the assumption of the leases, contending that "no authority is sought in the current plan to assign the leases to the buyer." This is simply incorrect.

DEBTOR'S RESPONSE TO OBJECTIONS TO APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF LIQUIDATION– Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-10088-CMA    Doc 185    Filed 10/14/24    Ent. 10/14/24 16:05:05    Pg. 3 of 4

Article VI of the Plan specifically provides that all tenant leases that exist as of a sale would be assumed and assigned to the buyer.

**B.	Walsh Objection.**

Walsh also objected to the Disclosure Statement as to issues that would not affect Walsh but might affect others. Its first point is as to the treatment of Class 4 and goes into a long explanation of why that treatment is inappropriate. The Debtor would agree to simply change the treatment of Class 4 – general unsecured claims – to provide that each would be paid from sale proceeds, to the extent of available funds, after payment of all claims having a higher priority.

Finally, Walsh objects on the basis that there is no provision if a sale does not occur prior to the end of the 12th month. The Debtor does not foresee any circumstances by which this issue will arise, but is happy to work with the parties to craft language that is acceptable in treatment of this issue.

DATED this 14th day of October, 2024.

BUSH KORNFELD LLP


By    */s/ James L. Day*
    James L. Day, WSBA #20474
    Richard B. Keeton, WSBA #51537
Attorneys for the Debtor

DEBTOR'S RESPONSE TO OBJECTIONS TO APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF LIQUIDATION– Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-10088-CMA    Doc 185    Filed 10/14/24    Ent. 10/14/24 16:05:05    Pg. 4 of 4